J-S65040-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOEL GAMBLE, | |
| Appellant | No. 1029 EDA 2014 |

Appeal from the Judgment of Sentence March 21, 2014
in the Court of Common Pleas of Pike County
Criminal Division at No.: CP-52-CR-0000207-2013

BEFORE:  PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED FEBRUARY 13, 2015**

Appellant, Joel Gamble, appeals from the judgment of sentence imposed following his jury conviction of fleeing or attempting to elude a police officer and recklessly endangering another person.[1]  We affirm.

The trial court summarized the factual history of this case as follows:

> . . . [O]n March 5, 2013 [Appellant] was at a Wal-Mart in Milford Pennsylvania when an asset protection employee of Wal-Mart suspected [him] of stealing merchandise.  The asset protection employee approached [Appellant] regarding the suspicions and informed [him] that the police would be called. [Appellant] subsequently left Wal-Mart and the asset protection employee retrieved [Appellant's] vehicle information, called 911 and provided [Appellant's] information to the police.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3733(a) and 18 Pa.C.S.A. § 2705, respectively.

Sergeant [David] Zegarski and Officer [Joseph] Ostrom from the Eastern Pike Regional Police Department responded to the call. While heading to Wal-Mart Sergeant Zegarski noticed [Appellant's] vehicle traveling in the opposite direction heading north on 209. Sergeant Zegarski then communicated with Officer Ostrom and asked him to pursue the vehicle. Officer Ostrom observed [Appellant] heading north on 209 and subsequently stop at a red light. Officer Ostrom then activated his lights and sirens [and the dashboard video camera in his vehicle activated automatically]. [Appellant] then began to cross 209 and proceeded to move into the left lane and onto interstate 84. Officer Ostrom continued to have his lights and sirens activated and proceeded to chase [Appellant] on interstate 84 eastbound and noticed [Appellant] accelerating. It was at that point that Officer Ostrom noticed [Appellant] going approximately a hundred miles per hour. Officer Ostrom followed [Appellant at speeds approaching one hundred miles per hour] for approximately three miles before reaching the New York border. At that point Sergeant Zegarski instructed Officer Ostrom to terminate the pursuit for safety reasons. Officer Ostrom terminated the pursuit for safety reasons and because [Appellant] had crossed the New York border.

*　　*　　*

The video footage [retrieved from Officer Ostrom's vehicle] showed that once [Appellant] entered New York Officer Ostrom continued to follow [him]. [Appellant] turned into a residential driveway and Officer Ostrom activated his lights again thinking [Appellant] was going to stop. However, [Appellant] backed out of the driveway and traveled in the opposite direction, stopped at a red light and quickly turned left toward New Jersey.

(Trial Court Opinion, 5/30/14, at 2-3, 5) (record citations omitted).

On January 14, 2014, Appellant filed a motion *in limine* seeking exclusion of the portion of the police dashboard video footage depicting events in New York, on grounds that it was irrelevant to the charges and prejudicial to him. On January 16, 2014, Appellant proceeded to a jury trial and the court heard argument on Appellant's motion *in limine*. The court denied Appellant's motion, and the Commonwealth published the videotape

footage during direct examination of Officer Ostrom. Immediately before the jury viewed the video, the court gave the following cautionary instruction:

> Ladies and gentlemen, the video that you are going to view, of [Appellant's] actions once he crosses the bridge into New York is admitted for certain limited purposes. Those purposes are for the credibility of witnesses, to evidence or confirm the state of mind of [Appellant] and to define [Appellant's] actions.
>
> However, any actual crime charged in this matter must be limited to actions taken by [Appellant] in Pennsylvania, so you cannot convict [Appellant] for fleeing or attempting to elude based upon actions that occurred only in New York.
>
> Similarly, you cannot convict [Appellant] of reckless endangerment based upon the actions in New York. The evidence of the actual crimes must be evidence in Pennsylvania, because that's the only area we have jurisdiction over, so I ask you to keep that in . . . mind as we review the video, okay.

(N.T. Trial, 1/16/14, at 138-39).

Appellant testified in his defense and stated that he was not aware that police were pursuing him when he left the Wal-Mart and that he did not speed in order to flee. (*See id.* at 156-57, 159-60).[2] At the conclusion of trial, the jury found Appellant guilty of the above-mentioned offenses.[3] On

_____

[2] In order to sustain a conviction for fleeing or attempting to elude a police officer, the Commonwealth must prove that a driver "willfully fail[ed] or refuse[d] to bring his vehicle to a stop, or . . . otherwise fle[d] or attempt[ed] to elude a pursuing police officer, when given a visual and audible signal to bring the vehicle to a stop[.]" 75 Pa.C.S.A. § 3733(a).

[3] The trial court found Appellant guilty of four related summary traffic offenses. (*See* Criminal Docket at 3-4).

March 21, 2014, the trial court sentenced Appellant to an aggregate term of not less than twenty-four months nor more than five years' incarceration. On March 31, 2014, Appellant filed a timely motion to modify sentence, which the trial court denied on April 2, 2014. This timely appeal followed.[4]

Appellant raises one issue for our review:

> Whether the trial court erred and abused its discretion by permitting the jury in Appellant's trial on a charge of fleeing [or attempting to elude a police officer] to view unfairly prejudicial police in-car video footage of Appellant appearing to drive evasively in New York State, after the officer had earlier terminated pursuit while still in Pennsylvania[?]

(Appellant's Brief, at 7).

In his issue on appeal, Appellant challenges the trial court's admission of the police dashboard video footage showing his evasive driving in New York after police terminated the pursuit in Pennsylvania. (*See id.* at 11-20). Appellant argues that the court should have excluded the footage because it is irrelevant to any action that he took in Pennsylvania. (*See id.* at 11, 18). He also contends that admission of the footage unfairly prejudiced him because there is no evidence that he similarly avoided Officer Ostrom in Pennsylvania. (*See id.*). We disagree.

Our standard of review is as follows:

_____

[4] Pursuant to the trial court's order, Appellant filed a timely concise statement of errors complained of on appeal on April 15, 2014. The court filed a Rule 1925(a) opinion on May 30, 2014. *See* Pa.R.A.P. 1925.

- 4 -

> The admissibility of evidence is at the discretion of the trial court and only a showing of an abuse of that discretion, and resulting prejudice, constitutes reversible error. Abuse of discretion is not merely an error of judgment, but rather where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will. Furthermore, [where] the trial court indicate[s] the reason for its decision . . . our scope of review is limited to an examination of the stated reason.

*Commonwealth v. Stephens*, 74 A.3d 1034, 1037 (Pa. Super. 2013)

(citations and quotation marks omitted).

> The overriding principle in determining if any evidence [ ] should be admitted involves a weighing of the probative value versus prejudicial effect. [Our Supreme Court has] held that the trial court must decide first if the evidence is relevant and, if so, whether its probative value outweighs its prejudicial effect. This Commonwealth defines relevant evidence as "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Pa.R.E. 401. Relevant evidence may nevertheless be excluded "if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Pa.R.E. 403.

*Commonwealth v. Johnson*, 2014 WL 7392218, at *37 (Pa. filed Dec. 30, 2014) (case citations omitted).

With respect to admission of evidence of other bad acts, this Court has stated:

> It is settled law in this Commonwealth that other bad acts evidence is inadmissible to prove a defendant's propensity to commit crime. Nonetheless, bad acts evidence may be introduced for other limited purposes, including, but not limited to, establishing motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident, common scheme or design, *modus operandi,* and the natural history of

the case.  Pa.R.E. 404(b)(2).  This evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

*Commonwealth v. Kinard*, 95 A.3d 279, 284 (Pa. Super. 2014) (*en banc*) (case citation omitted).

Here, the trial court found that the videotape footage of Appellant's evasive actions in New York, recorded immediately after police terminated the high-speed chase in Pennsylvania, was relevant to assess the credibility of his testimony and that of the police officers.  (**See** Trial Ct. Op., at 4-5).  It also found that the footage was relevant to shed light on Appellant's state of mind and to determine whether he intentionally fled from police in Pennsylvania.  (**See id.**).  After review of the record, we conclude that the trial court's ruling was not an abuse of its discretion.  **See Stephens**, **supra** at 1037.  The footage depicting Appellant's evasive behavior in New York immediately after police terminated the chase tended to demonstrate Appellant's knowledge that police were pursuing him when he drove at a speed of approximately one hundred miles per hour in Pennsylvania and that he "willfully fail[ed] or refuse[d] to bring his vehicle to a stop."  75 Pa.C.S.A. 3733(a).  The footage undermined the credibility of Appellant's testimony to the contrary, in which he stated that he was not aware that police were pursuing him when he left the Wal-Mart and that he did not speed toward the New York border in order to flee.  (**See** N.T. Trial, 1/16/14, at 156-57, 159-60).

Further, before the jury viewed the footage, the court gave a detailed instruction explaining that the portion of the video showing Appellant's actions in New York did not serve as the basis for the prosecution, that it could not convict Appellant based on those actions, and that it could consider the footage only for certain limited purposes. (*See id.* at 138-39). This instruction, which the jury is presumed to have followed, eliminated any risk of unfair prejudice. *See Commonwealth v. Burno*, 94 A.3d 956, 977 (Pa. 2014) (stating juries are presumed to follow trial court's instructions); *see also Commonwealth v. Sherwood*, 982 A.2d 483, 497 (Pa. 2009), *cert. denied*, 559 U.S. 1111 (2010) (concluding cautionary instructions ameliorated any undue prejudice caused by introduction of bad acts evidence). Accordingly, because we discern no abuse of discretion in the trial court's admission of the videotape footage, Appellant's sole issue on appeal does not merit relief.

Judgment of sentence affirmed.

Judge Panella joins the Memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/13/2015